```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
                                       :
PHILIP M. ANDREWS,                     :
                                       :
    Plaintiff,                         :
                                       :
V.                                     :   CASE NO. 3:04-CV-1388 (RNC)
                                       :
                                       :
STATE OF CONNECTICUT, ET AL.,          :
                                       :
    Defendants.                        :
```

RULING AND ORDER

Plaintiff, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983 against a state prosecutor and public defender claiming that they participated in, and failed to stop, a malicious prosecution based on a false arrest.  He also sues the state itself and the Office of Adult Probation.  A motion to dismiss has been filed supported by a memorandum showing that the claims in the complaint fail to state a claim on which relief can be granted.  Plaintiff has responded by requesting leave to file an amended complaint containing new allegations.  Permitting plaintiff to file an amended complaint would be futile because the amended complaint would not cure the deficiencies in the pending complaint.  Accordingly, the motion to dismiss is granted for substantially the reasons stated by the defendants in their memorandum of law, and the motion to amend is denied.

Facts

In considering the motion to dismiss, the following allegations of the complaint are assumed to be true and construed

liberally in favor of the pro se plaintiff.  See <u>Lerman v. Bd. of Elections</u>, 232 F.3d 135, 139-40 (2d Cir. 2000).  Plaintiff was falsely arrested by Hartford Police Officer Allen for, among other things, assault and possession of narcotics.  Officer Allen had a history of false arrests and an assault conviction for which he had received two years' probation. The prosecutor, Roseanne Wagner, and plaintiff's public defender, Michael Wagner, knew of Allen's history yet failed to disclose the information to the plaintiff or act on it themselves.  As a result, plaintiff was unjustly convicted.  Upon learning of Allen's history, plaintiff informed the Connecticut Office of Adult Probation that Allen had assaulted him while Allen was on probation.  The Department ignored this report and gave Allen an early release from probation.

<u>Claim Against Prosecutor</u>

State prosecutors may not be held liable under 42 U.S.C. § 1983 for actions that are "intimately associated with the judicial phase of the criminal process." <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430-31 (1976).  This prosecutorial immunity under § 1983 extends to all acts associated with the prosecutor's role as advocate for the state, regardless of the prosecutor's subjective motivation.  <u>Pinaud v. County of Suffolk</u>, 52 F.3d 1139, 1148-49 (2d Cir. 1995).  Allegations that a prosecutor engaged in a conspiracy to violate a person's federal rights do not overcome the prosecutor's immunity under § 1983 if the prosecutor's actions pursuant to the alleged conspiracy were

performed in his role as an advocate.  Id.

In this case, plaintiff complains that the prosecutor proceeded on unfounded charges made by Officer Allen and, in doing so, covered up Allen's history of false arrests and assault.  Under the tests set forth above, this conduct is protected by prosecutorial immunity.  Accordingly, the claim against the prosecutor must be dismissed.

Claim Against Public Defender

To plead a legally sufficient claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that the defendant violated the plaintiff's federal rights while acting under color of state law, that is, while purporting to act for, or on behalf of, the state.  A public defender, although paid by the state, does not act under color of state law in this sense.  On the contrary, the traditional function of criminal defense counsel is to stand in an adversarial position with regard to the state, not to act on the state's behalf.  Accordingly, § 1983 does not provide a cause of action against a public defender who allegedly violates his client's rights while acting in the traditional role of defense counsel.  Polk County v. Dodson, 454 U.S. 312, 325 (1981).

A public defender who conspires with state officials to violate his client's constitutional rights may be held liable under § 1983 on the ground that he abandoned his adversarial role and acted under color of state law.  Tower v. Glover, 467 U.S. 914, 920-23 (1984).  To adequately allege such a claim, however,

a complaint must contain more than vague or conclusory allegations of a conspiracy.  See <u>Ciambriello v. County of Nassau</u>, 292 F.3d 307, 324 (2d Cir. 2002); <u>Gyadu v. Hartford Ins. Co.</u>, 197 F.3d 590, 591 (2d Cir. 1999); <u>Nicholson v. Lenczewski</u>, 356 F. Supp. 2d 157, 162-63 (D. Conn. 2005).

Here, the complaint contains no allegation that plaintiff's public defender conspired with state officials to violate his rights.  In response to the motion to dismiss, plaintiff states that his pubic defender "conspired and colluded with the state."  This allegation is wholly conclusory in nature and therefore insufficient to set forth a claim for relief.[1]  Accordingly, the complaint fails to state a claim for relief against the public defender.

<u>State of Connecticut and Connecticut Office of Adult Probation</u>

States and state agencies cannot be sued in federal court for money damages without their consent.  <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-63 (1974).  Plaintiff's claims against the state and the Probation Office are therefore barred as a matter of law.

<u>Conclusion</u>

Accordingly, the motion to dismiss [Doc. #14] is hereby granted and plaintiff's motion to amend [Doc. #16] is denied.  Judgment will enter for the defendants dismissing the complaint

---

[1] Moreover, the only specific allegations against plaintiff's public defender -- that he knew Officer Allen had a history of false arrests and failed to disclose that information -- do not support a reasonable inference that the public defender conspired with the prosecutor to violate the plaintiff's rights.

4

for failure to state a claim on which relief may be granted.

So ordered.

Dated at Hartford, Connecticut this 3rd day of December, 2005.

```
            _____/s/_____
                  Robert N. Chatigny
               United States District Judge
```